The next case for argument is 23-3140 Cobbs v. United States Good morning. Good morning. Good morning, Your Honor. May it please the court, Yevgeny Popovsky for the appellant, Michael Cobbs. May I reserve two minutes for rebuttal? Yes. You have to watch your clock, but you could certainly reserve two for rebuttal. The question before this court is whether Boosley's reasoning applies to Mr. Cobbs' case, where the district court determined that the government could have amended the indictment to bring additional charges. The district court misapplied Boosley, and this court should reverse the denial of Mr. Cobbs' Section 2255 motion. I'd like to make three points. First, the issue certified on appeal is narrow. Whether Boosley's reasoning applies to uncharged offenses and open pleas? Second, Boosley held that the actual innocence inquiry does not extend to charges the government forewent independent of plea bargaining. And third, applying Boosley's principles here would provide a windfall to the government at the expense of Mr. Cobbs' constitutional rights. The first issue, that the issue of certified on appeal is narrow, whether Mr. Cobbs must show actual innocence of uncharged offenses. The district court here, which was the sentencing court, determined that Mr. Cobbs was convicted of an attempted Hobbs Act robbery, and that served as a predicate for count two. Do you agree that if you just look at the facts, to which your client agreed and pled guilty, that those facts alone would support a Hobbs Act robbery conviction, not just an attempt? Yes, Your Honor, the facts alone may support that, but evidence is not the crime of conviction. It certainly used to be the actual basis for the plea, but here the crime of conviction, as the district court determined, was attempted Hobbs Act robbery, and that served as the predicate for count two. And can you just clarify, you've been arguing actual innocence for purposes of getting around procedural default. What is your underlying merits claim? Are you using actual innocence as both the gateway to get around procedural default and your merits claim, or what's the merits itself? Our position is if this court agrees that Mr. Cobbs has shown actual innocence, that he also would have succeeded on the merits, because here, as this court has held in Ruiz, there's a nearly per se rule that an unlawful conviction with a concurrent sentence is prejudicial to the defendant, and so we would argue that there was prejudice in Mr. Cobbs. So the merit claim is not a constitutional claim. Is it a constitutional claim or a statutory claim? The claim is constitutional that he was convicted of a crime that is no longer a constitutional conviction in addition. So we would also argue that this case is fundamentally different than Boosley, because in Boosley, the court, well, in fact, Boosley rejected the line of reasoning the government advances here, that even if Mr. Cobbs pled guilty to only the attempted completed charge, because the government could have brought that based on the evidence. In Boosley, the court held that the defendant did not need to show actual innocence of a section 924C offense, because there was no record evidence that the government forwent that charge in obtaining the guilty plea. So our position is under Boosley, the court may not require Mr. Cobbs show actual innocence of the uncharged offense. The actual text of count one of the indictment charges him both with a completed Hobbs Act violation and an attempted Hobbs Act violation, right? Count one does track the statutory language, but the titling of count one says attempt, and this court has previously stated that if the indictment tracks the statutory language, that's certainly the beginning of the analysis, but that's not the end. And to the extent this court was to review if that was a technicality or an error, the court could look beyond the indictment to see if the defendant his substantial rights had been prejudiced. And here they were, because at the change of plea hearing when the court asked the government what it needed to prove if this case were to go to trial. You're not arguing that the title would trump what the substance of the count one charges, are you? We are arguing that the indictment needs to apprise the defendant with reasonable certainty, which is also this court has found that fairly informing the defendant of the charges, the nature of the charges should be with reasonable certainty, that that at the bare minimum does not meet that standard with the internally conflicting presentation of count one, and that that is also consistent with the government's understanding of what the charge of count one was when at the change of plea hearing the court asked what it intended to prove the elements were if this case were to go to trial. Well that's for the charge to which he's pleading, right? I mean that's the standard colloquy is, you're not, as a district judge, you're not worried about all the other charges that the government says it'll dismiss later. You're just worried about to make sure there's a factual predicate for the charge to which the defendant is pleading. And here the defendant was pleading to attempted Hobbs Act violation. Yes, your honor. The government's position is that it did not dismiss any charges here, and that he pled to both, and we will point to the district courts, which was also the sentencing court's determination here that, I believe that this is RSA 12, that based on the indictment and the plea colloquy and the judgment, the predicate for count one was attempted Hobbs Act robbery. If I'd also like to make a point that extending Boosley here, Boosley's principles here would provide a windfall to the government, unlike in Boosley, because here our position is the government charged attempted Hobbs Act robbery. That is what it proceeded with at the change of plea hearing, and if they wanted to convict Mr. Hobbs of Mr. Cobbs of completed Hobbs Act robbery, it would have needed to be obtained, and we would have to obtain a grand jury indictment on that charge, and if he chose not to plea to the to those charges, they would have had to prosecute those charges at trial, but what the government can't do here is cut corners where substituting the predicate offense that Mr. Cobbs did plea to with an uncharged offense, now that the crime of conviction is invalid. If I could ask you about the merits question again that Judge Staney talked about. So you were, as I understand it, is it, well make sure that my understanding is correct, that on the merits, you're arguing that because of Taylor, attempted Hobbs Act robbery no longer qualifies as a crime of violence under section 92 for c3a, and I mean that's the basis for the merits claim, right? Yes. And so isn't that a statutory interpretation? Didn't Taylor engage in statutory interpretation rather than a constitutional grounds for the decision? Yes, Your Honor, but here Mr. Cobbs is now in prison for a crime that is no longer valid, so we would also argue that is a constitutional challenge. But didn't we say that there is no freestanding constitutional violation for that particular, so being actually innocent, and you know that there really is in itself is not sufficient for a constitutional violation. I might have to look back at the briefs, Your Honor, but in any event if it is a statutory challenge we still argue that Mr. Cobbs succeeds on his actual innocence claim and then subsequently on the merits. I know this issue that we're asking about wasn't raised or briefed, but we have case law that says that actual innocence can't be a standalone claim, that it's a gateway to get excused procedural default, but it's not necessarily a standalone claim, and we've said that in the Lund case fairly recently. So that's what these questions are getting at. If you prevail on your actual appeal is whether the court properly excuses the procedural default, so at minimum we would ask that this court reverse that order and remand for further proceedings. Okay, thank you. Mr. Miller. May it please the court, counsel, to address that this is clearly a statutory claim. The defendant wants to bring a statutory claim, and if we were here on direct appeal the defendant would be in a much better position, but of course to bring this statutory claim in this 2255 context, the defendant is stuck with his procedural default. He pled guilty to the 924C count, which is the count being challenged, not the Count 1 Hobbs Act count. He pled guilty to it, he didn't appeal it, so he procedurally defaulted it, and as Bowsley says, it's the extraordinary case where the court will excuse a procedural default, especially in the case of a guilty plea, and that requires either cause and prejudice, which isn't an issue here, they conceded they don't have that, or actual innocence, and as this court knows that actual innocence is factual innocence. That's not legal sufficiency, and as the defendant admitted as he asked you on these facts, this defendant is not factually innocent of committing this 924C offense. So what's the government's view if he is actually innocent for procedural default purposes? Then what? Your Honor, the department's position has been in those cases to go ahead and waive those defenses we would have, because it's not a constitutional claim. At least it has been. Policies seem to change daily here in the department, but that has been there. So we would agree, if you would find that it was not procedurally defaulted, or that actual innocence excuses the procedural default, then what? We would think in this case it would be remanded to the district court, because the district court didn't get to the merits at all to allow the district court to address the merits and allow the parties to raise whatever arguments they would in the district court. So the position that the department has taken through now, to your knowledge, is that even though the merits claim is based upon statutory interpretation, that the government would allow the petitioner to raise that in the district court on the merits. It gets more complicated, because the policy is we generally don't raise those defenses unless we believe the defendant is not actually innocent. Got it. That makes sense. So in this case, as set forth in the brief, I believe we would raise those defenses, because we do not believe under these facts, where the defendant was on supervisory release for an armed credit union robbery, when he committed this very violent crime by brandishing a weapon, taking money, taking cell phones, the defendant is actually innocent. And where I think the defendant's argument, as he started, is off-basis, it talks about the government is wanting to amend the indictment. That is not the case at all here. The indictment is very clear. Count 1 charged, both in the conjunctive, a completed Hobbs Act robbery, there's no dispute with that, and an attempted Hobbs Act robbery. More important, count 2, which is the count that the defendant is challenging, charged the defendant possessed and brandished a firearm in furtherance of a crime of violence that was a felony prosecutable in a court of the United States, that is a violation of Title 18 of the United States Code, Section 1951, as set forth in count 1 of this indictment. That didn't say as pled guilty to in count 1 of the indictment, right? He's charged with the 924C as set forth in count 1 of the indictment. And what is set forth in count 1 of the indictment is both a completed and an attempted Hobbs Act robbery. And really, any completed Hobbs Act robbery is going to set forth an attempted robbery, because it's a lesser-included offense of the completed offense. I think you would agree that if he had only been charged with and had only pled guilty to attempted Hobbs Act robbery, that the 924C couldn't stand, correct? We would agree with that, Your Honor, in this situation, that we would not have, in that case, asserted. Because that's really the Bowsley case. If you look at Bowsley, that was a 924C case back when Bailey decided that use couldn't include possession. The defendant had pled guilty to use based on possession. And the Supreme Court said, yes, if the government didn't charge him with carrying, so on remand, they can't try to prove up carrying. But they also said that because, as far as the use went, that the government would be able to, to quote it, the government is not limited to the existing record to rebut any showing that the petitioner may make. On remand, the government should be permitted to present any admissible evidence of petitioner's guilt, even if it was not presented during the petitioner's plea colloquy would not normally have been offered prior to Bailey. And that's exactly this case here, in the sense that regardless of what the defendant pled guilty to on count one, he was charged with a completed Hobbs Act robbery in count two. He pled guilty to count two. And so the government, in fact, this case is stronger than Bowsley because in Bowsley, the only evidence that was presented of use was the possession, which Bailey held didn't qualify. But in this case, the factual basis presented a completed Hobbs Act robbery. So the defendant pled guilty to count two based on a charge of a completed Hobbs Act robbery and evidence of a completed Hobbs Act robbery. So if he is not, if we find that he's not factually, actually innocent, do we even have to get to Bowsley? Bowsley really addressed, I think Bowsley just is the framework for the court finding in this case that he's procedurally defaulted his innocence. There's no excuse. In Bowsley, the reason is it hadn't been raised in the district court, the actual innocence, and the government didn't assert waiver. And the Supreme Court said, well, since that's the case, we'll remand for him to attempt to prove actual innocence. Here, of course, we're not in that situation because the defendant already attempted to prove actual innocence and he can't. So Bowsley talked at the, near the end of the majority opinion, it talks about the fact that there's no record evidence the government elected not to charge petitioner with carrying a firearm in exchange for his plea of guilty. That is something that wasn't in the indictment, right? And so here's the government's position that the government actually did make an election not to proceed with crimes that were charged in the indictment? I think, yes, and I think, I'll put it in this way, I think we know what happened here, which is that it went forward to the change of plea on count one. It was, as we spent some time in the brief discussing, it's unclear. I think the argument could be made he pled guilty to completed. An argument could be made he pled guilty to attempted. It didn't matter to the parties at the time. It didn't matter to the defendant. It didn't matter to the government. It didn't matter to the judge. It never mattered to the probation because it didn't affect anything at the time. But, so our position is he was, what is relevant is that he was charged with a completed Hobbs Act robbery and that, therefore, to prove actual innocence in this context, under Bowsley, he has to show that he was actually innocent of that crime with which he was charged. If he hadn't been charged with it, we'd be in a very different situation. So your position is because he was charged with it, had the government had the benefit of Taylor back then, the government would have proceeded with getting a plea with the same facts on a completed Hobbs Act? I could unequivocally state that if Taylor had been in existence at that time, the government would have, would not have accepted, would not have accepted the plea to an attempt. It would have required a plea to the completed Hobbs Act robbery and if it hadn't got a plea to that, it would have gone to trial in that charge. So the windfall that the defendant claims is the government's is not the government's windfall. In fact, as Judge Myerscough found in her opinion, under these facts and circumstances, it would be a windfall to this defendant who pled guilty to the completed Hobbs Act robbery to, at this point, be able to go back and challenge, make the statutory challenge to the statute. How do you respond to Hobbs' fair notice concern that the indictment says attempted, the government said he was pleading to attempt when setting forth the elements of the plea, the PSR refers to the attempt, and he's raised fair notice. Well, the answer here is that what he pled guilty to in this context really doesn't matter as far as count one goes because he hasn't challenged, Bowsley was actually a challenge to the guilty plea, whether it was voluntary. I didn't make an intelligent plea, the defendant said there, because I didn't know that possession could, was no longer used. The defendant has never raised here anything regarding his plea of guilty in this case. He's never raised that, so that's really not at issue here, the idea of fair notice or whether it was an intelligent plea because it hasn't been raised. And to the extent you'd be raising it now, it would be waived in the district court and the United States would assert that waiver. So the question here simply is, can he establish factual innocence, that he's actually innocent of that 924C charge in order to get to the merits of his claim? And the record is very clear, the government charged the completed acts, a completed robbery. He committed a completed robbery. He is not actually innocent of that 924C. In fact, I believe the evidence shows beyond a reasonable doubt he is guilty of committing that 924C offense for branching that firearm during a completed Hobbs Act robbery, which is a crime of violence. Is there no further questions? Thank you, Mr. Miller. Mr. Kowalski? The government here says it doesn't matter what the defendant pled guilty to. We would argue that it does matter because the defendant is entitled to know the nature of the charges that they are pleading guilty to. And the brief but very clear exchange with the court at the change of plea hearing asked, do you plead guilty to attempting to rob the restaurant? Yes. Did you show a gun during that attempt? Yes. While there might be some uncertainty elsewhere in the record, that brief exchange, we would argue, made clear to the defendant what he was pleading guilty to. And I wanted to clarify a point on the actual innocence inquiry. The actual innocence inquiry can be factual, but we are here arguing what the scope of that inquiry is. And under Lewis, it recognized that Boosley limited that scope to a crime of conviction, as well as any charges that the government may have foregone in the course of plea bargaining, because of the undue benefit that the defendant may have received because the government dropped a charge in the course of arriving at that plea. Thank you. And I understand you and your firm accepted an appointment in this case. Thank you very much for accepting the appointment for your service to the court and to your client. The court will take the case under advisement.